IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


DANA L. OLDHAM,

      Plaintiff,

  v.                                                             Civil Action 2:16–cv–1160
                                                                  Judge Michael H. Watson
                                                                  Magistrate Judge Jolson

**COMMISSIONER OF SOCIAL
SECURITY,**

      Defendant.


## REPORT AND RECOMMENDATION

Plaintiff, Dana L. Oldham, filed this action under 42 U.S.C. § 405(g) seeking review of a decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's nondisability finding and **REMAND** this case to the Commissioner and Administrative Law Judge ("ALJ") under Sentence Four of § 405(g).

I.     FACTUAL AND MEDICAL BACKGROUND

    A.     **Procedural History**

Plaintiff applied for disability insurance benefits on May 1, 2013, alleging a disability onset of November 12, 2012. (Tr. 142, PAGEID #: 191). Her application was denied initially on August 12, 2013 (Tr. 68, PAGEID #: 115), and again upon reconsideration on December 18, 2013 (Tr. 81, PAGEID #: 128). The ALJ held a hearing on November 23, 2015 (Tr. 38, PAGEID #: 84), after which he denied benefits in a written decision on January 29, 2016 (Tr. 10–35, PAGEID #: 56–81).

The Complaint in this case was filed on December 12, 2016 (Doc. 3), and the

Commissioner filed the administrative record on February 17, 2017 (Doc. 9). Plaintiff filed a Statement of Specific Errors on April 3, 2017 (Doc. 10), the Commissioner responded on May 18, 2017 (Doc. 12), and Plaintiff filed a Reply Brief on June 2, 2017 (Doc. 13).

### B.   Personal Background

Plaintiff was born on November 20, 1961. (Tr. 142, PAGEID #: 191). She has a high school education (Tr. 28, PAGEID #: 74), work experience as a customer service representative (Tr. 45, PAGEID #: 91; Tr. 46, PAGEID #: 92; Tr. 53–54, PAGEID #: 99–100; Tr. 61, PAGEID #: 107), and is insured through December 31, 2017 (Tr. 13, PAGEID #: 59).

### C.   Relevant Hearing Testimony

ALJ Edmund Giorgione held a hearing on November 23, 2015. (Tr. 38, PAGEID #: 84). During the hearing, Plaintiff testified to a number of impairments, including "back issues" which consist of pain in the upper back, lower back, and tail bone. (Tr. 47, PAGEID #: 93). The pain, which requires her to see a pain management doctor (Tr. 26, PAGEID #: 72), also makes it difficult for Plaintiff to stand or walk for more than ten to fifteen minutes at a time. (Tr. 58, PAGEID #: 104). After that period, Plaintiff reportedly has difficulty maintaining an upright posture. (Tr. 59, PAGEID #: 105). Sitting is also problematic for Plaintiff, and she requires frequent readjustment. (Tr. 58, PAGEID #: 104).

Vocational Expert Mona Robinson (the "VE") also testified at the hearing. (Tr. 60, PAGEID #: 106). The VE testified that an individual with Plaintiff's residual functional capacity ("RFC") could not perform Plaintiff's past relevant work. (Tr. 64, PAGEID #: 110). However, the VE opined that unskilled, light jobs would be available in the relevant region, such as garment sorter, mail sorter, and marker. (Tr. 63, PAGEID #: 109). In contrast, the VE testified that an additional limitation of standing or walking for only two hours out of an eight hour day

would limit the individual to sedentary work. (Tr. 66, PAGEID #: 112). The testimony also reflects that there would be no competitive work available if the individual had a sedentary profile. (Tr. 64, PAGEID #: 110).

### D. Relevant Medical Evidence

The State agency's consultative medical examiner, Dr. Herbert Grodner, examined Plaintiff on August 5, 2013. (Tr. 249, PAGEID #: 301). Plaintiff presented with lower back pain and balance problems. (*Id.*). She reported that she suffered from carpal tunnel syndrome, asthma, and agoraphobia. (Tr. 249–50, PAGEID #: 301–302). Upon examination, Dr. Grodner determined that Plaintiff's grip strength in her left, non-dominant hand was diminished. (Tr. 250, PAGEID #: 302). He also observed mild thenar atrophy and a mild sensory deficit in this hand. (*Id.*). Plaintiff had decreased range of motion in her lumbar spine and could only partially squat. (*Id.*).

Based on these findings, Dr. Grodner opined that Plaintiff should avoid activities requiring repetitive bending, lifting, and climbing. (Tr. 251, PAGEID #: 303). He stated that she would have difficulty with repetitive use of her left hand. (*Id.*). Due to her asthma, Dr. Grodner determined that Plaintiff should avoid respiratory irritants. (*Id.*). Overall, Dr. Grodner opined that Plaintiff could perform sedentary or light, intermittent work. (*Id.*).

In a December 18, 2013 disability determination explanation, the State agency consultant at the reconsideration level gave Dr. Grodner's opinion "great weight." (Tr. 88, PAGEID #: 135). However, the RFC on reconsideration indicated that Plaintiff was capable of performing light work, including frequent climbing, stooping, kneeling, crouching, and crawling. (Tr. 89, PAGEID #: 136). The RFC also deemed Plaintiff capable of frequently grasping with her left hand and reflected a need to avoid concentrated exposure to respiratory irritants. (Tr. 90,

PAGEID #: 137).

E. **Relevant Portions of the ALJ's Decision**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017, and had not engaged in substantial gainful activity since her alleged onset date of November 12, 2012. (Tr. 15, PAGEID #: 61). The ALJ determined that Plaintiff's severe impairments include "lumbar degenerative disc disease, left hand weakness and sensory disturbance, depression, anxiety, migraine headaches, obesity, chronic obstructive pulmonary disease, variously characterized as asthma, and blindness in the right eye" (Tr. 15, PAGEID #: 61); however, she did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment. (Tr. 16, PAGEID #: 62).

The ALJ discussed Dr. Grodner's consultative medical examination at length. (Tr. 27, PAGEID #: 73). In particular, the ALJ noted Dr. Grodner's finding that Plaintiff should *avoid* activities that require repetitive bending, lifting, and climbing; that she *would have difficulty* with repetitive activity with her left hand; and that she should *avoid respiratory irritants*. (*Id*.). The ALJ observed that Dr. Grodner's ultimate determination was that Plaintiff could perform *sedentary or light, intermittent activity*. (*Id*.). The ALJ gave Dr. Grodner's opinion "significant weight because it is consistent with the overall record and with his clinical observations." (*Id*.).

Specifically addressing Plaintiff's left hand, the ALJ determined that Dr. Grodner's assessed limitations were "persuasive and supported by his credible observations." (*Id*.). The ALJ stated that his RFC finding "*adopts* [Dr. Grodner's] assessment with regard to [Plaintiff's] left hand use and her ability to climb ladders and scaffolds." (*Id*.). The ALJ also claimed to have given "great weight" to Dr. Grodner's limitation to sedentary or "light intermittent" work and found that "such a limitation is accommodated by a limitation to work requiring her to lift up

4

to 20 pounds occasionally or 10 pounds frequently." (*Id*.). The ALJ likewise claimed to have given "great weight" to Dr. Grodner's restriction "against work requiring exposure to respiratory irritants because it is consistent with the evidence of diagnoses with asthma and COPD, as well as her use of an inhaler." (*Id*.).

The ALJ, however, adopted the less restrictive RFC offered by a non-examining consultant at the reconsideration level. (*Id*.). The ALJ provided limited explanation concerning his decision to rely on that RFC and, in fact, didn't mention the non-examining consultant by name. (*Id*.). A review of the underlying record reflects that the consultant is Dr. Maria Congbalay. (Tr. 91, PAGEID #: 138).

Citing Dr. Congbalay's opinion, the ALJ determined that Plaintiff has the RFC to lift and carry 20 pounds occasionally or 10 pounds frequently and can sit, stand, and/or walk for 6 hours in an 8-hour workday. (Tr. 19, PAGEID #: 65). He found Plaintiff's ability to push and pull "unlimited except as specified in her capacity to lift and carry," and that Plaintiff can, *inter alia*:

> *frequently* climb ramps and stairs, stoop, kneel, crouch, and crawl…. She can *occasionally* climb ladders, ropes, and scaffolds and can *frequently* grasp with the left upper extremity. She must avoid *concentrated* exposure to airborne respiratory irritants.

(*Id*.) (emphasis added).

However, later in his decision, the ALJ stated that Plaintiff's RFC *precluded* the climbing of ladders, ropes, and scaffolds. (Tr. 27, PAGEID #: 73) ("Her monovision is accommodated in the residual functional capacity finding's *preclusion against* the climbing of ladders, ropes, and scaffolds.") (emphasis added). The ALJ also rejected a different medical opinion to the extent that "it [did] not accommodate Dr. Grodner's findings with regard to [Plaintiff's] left hand abnormalities." (Tr. 27–28, PAGEID #: 73–74) ("not affirm[ing]" the "State agency consultant's opinion in the initial determination at Exhibit 1A" on this basis).

5

At base, the ALJ acknowledged the findings concerning Plaintiff's lower back pain, right eye blindness, obesity, pulmonary complaints, and left hand impairment and claimed to have accommodated her impairments by limiting her to "light exertion with the postural and manipulative limitations endorsed in the finding." (*Id*.). The ALJ likewise found that Plaintiff's pulmonary impairments were "accommodated by the restrictions against work around respiratory irritants." (*Id*.).

The ALJ determined that Plaintiff was unable to perform any past relevant work, was an individual closely approaching advanced age on the onset date, has a high school education and is able to communicate in English. (Tr. 28, PAGEID #: 74). The ALJ likewise found that transferability of Plaintiff's job skills was not material to the disability determination. (Tr. 29, PAGEID #: 75). Finally, the ALJ found that "considering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id*.). Thus, the ALJ determined that Plaintiff had not been under a disability from November 12, 2012, through the date of the decision. (Tr. 30, PAGEID #: 76).

## II.    LEGAL STANDARD

Under 42 U.S.C. § 405(g), "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)). The Commissioner's findings of fact must also be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). To that end, the Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's

decision. *Rhodes v. Comm'r of Soc. Sec.*, No. 2:13–cv–1147, 2015 WL 4881574, at *2 (S.D. Ohio Aug. 17, 2015) (citation omitted).

Even if the ALJ's decision satisfies the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). "An ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)).

### III. DISCUSSION

Plaintiff has asserted two assignments of error. The first assignment concerns the ALJ's alleged error in failing "to account for the most limiting aspect" of Dr. Grodner's opinion—that she could perform light work only intermittently—despite giving Dr. Grodner's opinion great weight. (Doc. 10 at 1). Because the Court recommends remand on the first assignment of error, the Court need not address Plaintiff's second assignment of error.

#### A. The ALJ's Consideration of Dr. Groder's Opinion

After examining Plaintiff, Dr. Grodner opined that she could perform "sedentary activity or *light, intermittent* activity." (Tr. 251, PAGEID #: 303) (emphasis added). The ability to perform light work is defined generally as lifting or carrying ten pounds frequently, but no more than twenty pounds, and requires "a good deal of walking or standing" or sitting with some pushing and pulling. 20 C.F.R. § 404.1567. Although the regulations do not define the term "light, intermittent activity" used by Dr. Grodner, Merriam-Webster defines "intermittent" as

7

"coming and going at intervals" and "not continuous." *See* https://www.merriam-webster.com/dictionary/intermittent (accessed September 26, 2017). Dr. Grodner also opined that Plaintiff could not repetitively bend, lift, or climb; would have difficulty with repeated use of her left hand; and should be restricted from exposure to respiratory irritants and any specific allergens due to her asthma. (Tr. 251, PAGEID #: 303). There is no dispute that Dr. Grodner's opinion was that Plaintiff should be limited to less than a full range of light work on a sustained basis. (*See* Doc. 10 at 15; Doc. 12 at 1).

The ALJ's review of Dr. Grodner's opinion was quite positive. (*See* Tr. 27, PAGEID #: 73). After detailing Dr. Grodner's findings, the ALJ stated:

> Dr. Grodner's opinion was given *significant weight* because it is consistent with the overall record and with his clinical observations. Although the claimant did not report hand pain or symptoms of carpal tunnel syndrome elsewhere in the medical record, Dr. Grodner's assessed limitations of the use of her left hand are persuasive and supported by his credible observations. The finding in this decision *adopts his assessment* with regard to her left hand use and her ability to climb ladders and scaffolds. His limitation to sedentary or 'light intermittent work' was given *great weight* as such a limitation is accommodated by a limitation to work requiring her to lift up to 20 pounds occasionally or 10 pounds frequently. He did not endorse limitation of her ability to sit, stand, or walk, which is also consistent with the overall record, which documents the ability to ambulate normally without the use of an assistive aid. The undersigned also gave *great weight* to his restriction against work requiring exposure to respiratory irritants because it is consistent with the evidence of diagnoses with asthma and COPD, as well as her use of an inhaler.
>
> * * *
>
> The claimant's lower back pain, right eye blindness, obesity, pulmonary complaints, and left hand impairment noted in Dr. Grodner's report are accommodated by the limitation to light exertion, with the postural and manipulative limitations endorsed in this finding. Her pulmonary impairments are also accommodated by the restriction against work around airborne respiratory irritants.

(Tr. 27–28, PAGEID #: 73–74) (emphasis added). Taking the ALJ at his word, the RFC should have adopted Dr. Grodner's assessment concerning Plaintiff's left hand use, her ability to climb

8

ladders and scaffolds, and restriction against work requiring exposure to respiratory irritants. (*Id.*). Overall, the RFC should have, as the ALJ said it would, accommodated Dr. Grodner's limitation of "light, intermittent work." (*Id.*). But that's not what happened here.

Although the ALJ said one thing, he did another. He pivoted from his discussion of Dr. Grodner's findings and "affirmed and adopted" the less restrictive RFC "endorsed in the State agency consultant's reconsideration determination, set forth at Exhibit 3A." (Tr. 27, PAGEID #: 73). With a conclusory statement in support, the ALJ stated simply that the reconsideration determination was "most consistent with the longitudinal record and adequately accommodates [Plaintiff's] documented symptoms and functional limitations." (Tr. 28, PAGEID #: 74).

The end result does not, as the ALJ promised, adopt Dr. Grodner's assessment with regard to Plaintiff's left hand use, but instead states that Plaintiff can "*frequently* grasp with [her] left upper extremity." (Tr. 19, PAGEID #: 65) (emphasis added). Nor does the ultimate RFC adopt Dr. Grodner's assessment concerning Plaintiff's ability to climb ladders and scaffolds. (*Id.*) (finding that Plaintiff could occasionally climb ladders, ropes, and scaffolds). Additionally, while Dr. Grodner's opinion protected Plaintiff from exposure to respiratory irritants generally (Tr. 251, PAGEID #: 303), the ALJ's RFC protected Plaintiff from only concentrated exposure (Tr. 19, PAGEID #: 65). To the extent that the ALJ attempted to address Dr. Grodner's "intermittent" limitation at all, he claimed it was "accommodated by a limitation to work requiring her to lift up to 20 pounds occasionally or 10 pounds frequently." (Tr. 27, PAGEID #: 73). However, light work's lifting requirement represents what a claimant can do on a regular, continuing basis, not intermittently. *See* SSR 96–8p.

Defendant claims no error because the ALJ was permitted to assign the most weight to the reviewing consultant. (Doc. 12 at 4). Even putting aside the regulation which requires more

9

weight to be assigned to Dr. Grodner's examining physician opinion, 20 C.F.R. § 404.1527(c)(1), it is not clear that that the ALJ assigned Dr. Congbalay the most weight. While this Court does not quest for a "perfect opinion," *Cobb v. Comm'r of Soc. Sec.*, No. 1:14-cv-842, 2015 WL 4029724, at *7 (W.D. Mich. July 1, 2015), the ALJ's promise to adopt portions of Dr. Grodner's opinion, followed by his conclusory adoption of a less restrictive RFC, is confusing. In sum, the internal inconsistencies in the ALJ's RFC decision render it unsupported by substantial evidence. *See Easterday v. Comm'r of Soc. Sec.*, No. 15-13300, 2016 WL 5422101, at *9 (E.D. Mich. Aug. 19, 2016) (recommending remand based on internal inconsistencies in ALJ's opinion and his failure to explain the RFC clearly); *Phillips v. Comm'r of Soc. Sec.*, No. 4:11-cv-1952, 2013 WL 393023, at *5 (N.D. Ohio Jan. 30, 2013) (remanding for lack of substantial evidence where ALJ's opinion is "both confusing and conclusory"); *Burgess v. Astrue*, No. 3:09-cv-461, 2011 WL 798119, at *5 (S.D. Ohio Mar. 1, 2011) (remanding where "the ALJ's statement is confusing and does not illuminate his rationale for devising a different lifting restriction").

Finally, the ALJ's error is not harmless because it could lead to a different result. *See Cobb*, 2015 WL 4029724, at *7 (citing *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)). As Plaintiff argues, the activity permitted by RFC is significant because:

> at [Plaintiff's] age, education and work experience she is disabled even if she can do a full range of sedentary work. Medical Vocational Guidelines "Grid" Rule 201.02, Appendix 2 to Subpart P, Part 404. The administrative law judge acknowledged at the hearing that if the hypothetical person could perform sedentary work and not their past work, 'they would grid.' Tr. 64.

(Doc. 10 at 17–18). Based on the foregoing, the Court finds that the ALJ's opinion is not supported by substantial evidence, and the error is not harmless.

### B. The ALJ's Consideration of Certified Nurse Practitioner Skinner's Opinions

The Court's decision to recommend reversal and remand on the first assignment of error alleviates the need for analysis on Plaintiff's second assignment of error. Nevertheless, if the recommendation is adopted, the ALJ may consider Plaintiff's remaining assignment of error on remand if appropriate.

## IV. CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's nondisability finding and **REMAND** this case to the Commissioner and Administrative Law Judge ("ALJ") under Sentence Four of § 405(g).

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report

and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.


Date:  September 28, 2017          /s/ Kimberly A. Jolson
        KIMBERLY A. JOLSON
        UNITED STATES MAGISTRATE JUDGE